IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHAUNCEY LEE MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV709 |
| | ) | |
| GREENSBORO POLICE SGT. RYAN 4TH PRECINCT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983 by Plaintiff Chauncey Lee Marshall, an inmate in the North Carolina Department of Public Safety. Plaintiff raises claims against several Defendants, but pending before the Court is a Motion to Dismiss [Doc. #16] filed by only two of those Defendants, Sgt. Ryan and Ofc. Underhill of the Greensboro Police Department. As to those Defendants, Plaintiff alleges that on February 9, 2017, they handcuffed his hands behind his back before slamming him on his back, head, and arms. Then, after he was on the ground, they allegedly continued to knee and elbow him as he screamed in pain. The incident allegedly resulted in a concussion, broken wrist, and nerve damage to Plaintiff. Plaintiff claims that Ryan and Underhill then denied him medical treatment until he confessed to certain crimes. Based on those allegations, Plaintiff sued Defendants Ryan and Underhill in both their individual and official capacities. He seeks both compensatory and punitive damages. Those Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss both the official capacity claims and the request for punitive damages for failure to state a claim upon which relief can be granted.

I. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court must consider whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is "facially plausible" when the facts pled allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

II. Discussion

A. Official Capacity Claims

As stated above, Plaintiff names Defendants Ryan and Underhill in both their individual and official capacities. They do not contest that Plaintiff has stated a claim against them in their individual capacities. However, they do assert that the Complaint fails to allege a proper claim against them in their official capacities.

To the extent Plaintiff asserts claims against the officers in their official capacities, the City of Greensboro is effectively a party based on its officers' alleged actions. However, a municipality may only be held liable under § 1983 based on the actions of its officers "when execution of a government's policy or custom, whether made by its lawmakers or by those

whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). "A policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that 'manifest[s] deliberate indifference to the rights of citizens'; or (4) through a practice that is so 'persistent and widespread' as to constitute a 'custom or usage with the force of law.'" Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 217 (4th Cir. 1999)). Such a claim only exists if, "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." Bd. of the Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 404 (1971) (emphasis in original) (internal citation omitted).

Plaintiff must identify a City of Greensboro policy or custom that caused his injury. Walker v. Prince George's Cty., Md., 575 F.3d 426, 431 (4th Cir. 2009) (citing Bd. of the Cty. Comm'rs of Bryan Cty., 520 U.S. at 403). However, Plaintiff fails to do so in the present case. Indeed, in one Reply [Doc. #38], he even appears to argue that Defendants Ryan and Underhill acted contrary to the policies of the City of Greensboro in violating his rights. At the very least, he does not allege any facts that would support a claim against those Defendants in their official capacity. Therefore, his official capacity claims against those Defendants should be dismissed.

3

### B. Punitive Damages Request

Defendants Ryan and Underhill also contend that Plaintiff fails to state a proper basis for punitive damages. In order to state such a claim under § 1983, a plaintiff must allege facts that, if proven, show "conduct that involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." Cooper v. Dyke, 814 F.2d 941, 948 (4th Cir. 1987) (quoting Smith v. Wade, 461 U.S. 30, 56 (1983)). Where deliberate indifference to a serious medical need is alleged, "[t]he callous indifference required for punitive damages is essentially the same as the deliberate indifference required for a finding of liability on the § 1983 claim . . . ." Cooper, 814 F.2d at 948.

Here, Plaintiff alleges that, while he was handcuffed, Defendants Ryan and Underhill slammed him to the ground and then continued to knee and elbow him as he screamed in pain. He claims that their actions caused a concussion and a broken wrist, that they were aware of his injuries, and that they intentionally denied him medical treatment until after he cooperated with them and confessed. If proven true, these allegations could demonstrate a "reckless or callous indifference" to Plaintiff's federal constitutional rights, as well as deliberate indifference to a serious medical need. Defendants' Motion to Dismiss should be denied as to the punitive damages claim at this stage of the case.

C. Other Pending Motions

In addition to Ryan and Underhill's Motion to Dismiss, there are also various other Motions [Doc. #46-49, #52] which were recently filed. However, these pertain to disputes regarding discovery that is ongoing in the case following the entry of an Order [Doc. #45] setting discovery and other deadlines. Those Motions are not yet fully briefed. Therefore, the Court will not address those Motions at the present time.

IT IS THEREFORE RECOMMENDED that the Motion to Dismiss [Doc. #16] filed by Defendants Ryan and Underhill be granted as to Plaintiff's official capacity claims against those Defendants and denied as to his claim for punitive damages at this time.

This, the 26th day of July, 2019.

/s/ Joi Elizabeth Peake
United States Magistrate Judge